**EFRAIM Z. KIEFFER, ESQ.**
Law Office of Efraim Z. Kieffer
131 Pennington Ave
Passaic, NJ 07055
(973) 594-6118
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN LOFSTOCK, on behalf of himself and all others similarly situated<br><br>Plaintiffs<br><br>vs.<br><br>CBHV, a/k/a COLLECTION BUREAU OF THE HUDSON VALLEY, INC., and JOHN DOES 1-25<br><br>Defendants | Civil Action No.:<br><br><br><br><br><br><br><br><br><br>**CLASS ACTION COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

The Plaintiff John Lofstock (hereinafter referred to as "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorney, Efraim Z. Kieffer, Esq., against the Defendant CBHV a/k/a Collection Bureau of the Hudson Valley, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**I. INTRODUCTION**

1.      This is an action for damages, costs and attorney's fees brought by the Plaintiff, and others similarly situated, for the violations of the Defendant of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors form engaging in abusive, deceptive, and unfair debt collection

practices.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. This Court has *in personam* jurisdiction over the Defendant as same is authorized by the laws of the State of New Jersey in that the Defendant has and/or is doing business in the State of New Jersey and/or the Defendant has sufficiently conducted business and/or otherwise purposely availed itself to the privileges and benefits of the State of New Jersey and/or the transactions or occurrences giving rise to the complaint took place in the State of New Jersey.

4. Venue in this Court is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rises to the claims occurred within this District, the Defendant transacted business within this District, and it is the District where the Plaintiff resides.

## III. NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of herself and on behalf of a class of New Jersey consumers seeking redress for Defendant's violations of the FDCPA and for its actions of using unfair and unconscionable means to collect debts.

6. The United States Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

7. Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*.

8. After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id*. § 1692k.

9. In attempting to accomplish this goal, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such actions.

10. The legislation contains three broad general prohibitions; first, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," *id*. § 1692d; second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id*. § 1692e; and third, a "debt collector may not use unfair and unconscionable means to collect or attempt to collect any debt," *id*. § 1692f.

11. As the FDCPA is a remedial statute, the Third Circuit has instructed its courts to "construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

12. Accordingly, and to further effectuate the FDCPA's purposes, communications from debt collectors to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454.

13. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id*. at 453 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "'Laws are made to protect

3

the trusting as well as the suspicious.'" *Id.* (quoting *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)).

14. The FDCPA is a strict liability statute to the extent that it imposes liability without proof of intentional violation. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3rd Cir 2011) (citing, in footnote 7, supporting authorities from the 2nd, 7th, 9th, and 11th Circuits).

15. Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2nd Cir. 1993).

16. A debt collector who violates any provision of the FDCPA is liable for actual damages, "additional damages" (also called "statutory damages"), and attorney's fees and costs. 15 U.S.C. § 1692k(a).

17. The Plaintiff is seeking damages and declaratory and injunctive relief.

## **IV. PARTIES**

### Plaintiff

18. The Plaintiff is a natural person and is a citizen of the State of New Jersey, residing in Bergen County, State of New Jersey.

19. At all times material and relevant hereto, the Plaintiff is a "consumer" as defined by the FDCPA., 15 U.S.C. § 1692a(3).

20. At all times material and relevant hereto, the Plaintiff is alleged to have owed a consumer "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

### Defendant

21. At all times material and relevant hereto, and upon information and belief, the

Defendant is believed to be a foreign corporation, company, partnership, and/or association, organized and existing under the laws of the State of New York, with an office located at 155 N. Plank Rd., Newburgh, NY 12550-0831.

22. The Defendant is engaged in the business of collecting consumer debts nationally, locally, and/or within the State of New Jersey.

23. The Defendant collects consumer debts using the U.S. mail systems, the U.S. telephone and/or telegram systems and/or other instrumentalities of interstate and intrastate commerce.

24. The Defendant regularly attempts to collect consumer debts incurred for personal, family or household purposes on behalf of creditors.

25. As stated in the Defendant's website at the "About Us" tab, https://www.cbhv.com/about-us:

> Our mission is to recover the maximum amount of revenue for our clients, in an extremely professional and ethical manner. The primary goal of CBHV is to build long term partnerships with our clients by creating customized collection strategies and offering superb client service. As part of this commitment we are dedicated to bringing them the very best in human, technological, and physical resources. CBHV is a full service agency with 40 years of experience in the collection industry. Our services include <u>pre-collection</u>, third-party <u>bad debt collections</u>, and <u>litigation</u>.

26. The Defendant is a "debt collector" as that term is contemplated and/or defined by the FDCPA, 15 U.S.C. § 1692a(6).

27. The Defendant at all times material and relevant hereto engaged in "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

28. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and

5

should be made parties to this action.

## V. CLASS ALLEGATIONS

29. The Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    a) All New Jersey consumers who were sent collection letters and/or notices from the Defendant concerning a debt owed to the Hospital for Special Surgery, that contained at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq*.

    b) The Class period begins one year to the filing of this Action.

30. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A**,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

6

      i. Whether Defendant violated various provisions of the FDCPA;

      ii. Whether Plaintiff and the Class have been injured by Defendant's conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication

of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, the Defendant will continue to reap and retain the proceeds of their ill-gotten gains.

h) The Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## VI. BACKGROUND FACTS

31. At all times material and relevant hereto the Defendant was attempting to collect from the Plaintiff a consumer debt allegedly due from the Plaintiff to an entity known as "Hospital for Special Surgery".

32. Some time prior to May 14, 2015, an obligation and/or consumer debt was allegedly incurred by the Plaintiff to "Hospital for Special Surgery."

33. The "Hospital for Special Surgery" obligation arose out of a transaction in which money, property, insurance or services, which was the subject of the transaction, was primarily for personal, family or household purposes.

34. The alleged "Hospital for Special Surgery" obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. By correspondence on the letterhead of the Defendant, dated May 14, 2015, the Defendant mailed and/or otherwise issued a collection demand letter on or immediately after that

date to the Plaintiff demanding payment of an alleged consumer debt in an amount of $635.85 allegedly due "Hospital for Special Surgery". See attached Exhibit A.

36. The aforementioned collection demand letter, dated May 14, 2015, is a "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

37. Said collection demand letter was addressed to and received by the Plaintiff at Plaintiff's residence in Fair Lawn, New Jersey, some time after May 15, 2015.

38. Said collection demand letter was mailed by the Defendant to the Plaintiff in an envelope with a glassine window through which the Plaintiff's name and address was displayed and above the Plaintiff's name a barcode and/or "quick response" code which contained the Plaintiff's account information.

39. The collection demand letter begins as follows:

> Dear JOHN LOFSTOCK: This past due account has been placed for collection. Patients with limited or no insurance coverage may be eligible for Hospital for Special Surgery's financial assistance program. For further information, please call (212) 606-1505.

40. Thereafter, in the next paragraph, the letter states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

41. The letter concludes its third paragraph as follows:

> See reverse side for important information concerning your rights.

42. Upon turning over the page, the following statement is provided by the

9

Defendant:

> CBHV's hospital clients have charity programs. If you feel that you may qualify for these programs please call and speak to one of our collection specialists at (800) 745-1395.

43. Below this instruction regarding qualifying for charity care, and on the reverse side of the payment return coupon, there is a request by the Defendant to provide it with the any new insurance information.

44. The Defendant's collection letter thus provides the Plaintiff alternative methods in responding to the debt collection letter, to wit, the Plaintiff may exercise is validation rights, or the Plaintiff may telephone one of the Defendant's collection specialists at (800) 745-1395 to determine if he is eligible for a charity care program, or the Plaintiff may directly telephone the creditor Hospital for Special Surgery at (212) 606-1505 and seek application for the Hospital's financial assistance program.

45. The Plaintiff, and the least sophisticated consumer, are thus confused as to their exact rights under the FDCPA and as to the proper response to be made to the debt collection letter, and are advised as to two alternative responses to be made in addition to and/or in lieu of exercising the validation demand right.

### VII. POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendant's policy and practice to send initial written collection communications, in the forms annexed hereto as Exhibit A which violate the FDCPA, by *inter alia*:

    a) including language or text that contradicts and/or overshadows the required debt collection and validation notices;

  b)  using language or symbols (including but not limited to, barcodes and/or quick response codes) other than the debt collector's address, on its envelope when communicating with the Plaintiff by use of the mails; and

  c)  using false representations or deceptive means to collect or attempt to collect a debt.

47. On information and belief, Defendant has sent a written communication, in the form annexed hereto as Exhibit A to at least 50 natural persons in the State of New Jersey.

## VIII. CLAIMS FOR RELIEF

### COUNT I
### (Fair Debt Collection Practices Act)

48. In its actions to collect an alleged consumer debt from the Plaintiff, the Defendant violated the FDCPA in one or more of the following ways:

  i.  the Defendant violated the FDCPA generally;

  ii.  the Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse the Plaintiff in connection with the collection of the alleged debt;

  iii.  the Defendant violated § 1692e of the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of the alleged debt, including but not limited to representing in its May 14, 2015 collection demand letter to the Plaintiff and to the least sophisticated consumer that instead of legally disputing the validity of the debt the Plaintiff could alternatively contact the creditor directly and seek financial assistance to resolve this debt and/or the Plaintiff could telephone the Defendant's collection specialists to seek charity care to resolve this

        debt;

iv. the Defendant violated § 1692e(10) of the FDCPA by using false representations and/or deceptive means to collect or to attempt to the collect the alleged debt or by providing language in its debt collection letter of May 14, 2015 to the Plaintiff and to the least sophisticated consumer that he could dispute the validity of the debt and/or he could directly call the Hospital for Special Surgery at (212) 606-1505 to determine if he was eligible for the Hospital's financial assistance program in order to resolve the debt or he could call the Defendant at (800) 745-1395 to see if he was eligible for the Defendant's charity care program in order to resolve the account, thereby misleading the Plaintiff and the least sophisticated consumer that all three options were valid exercise of rights under the FDCPA, and also thereby overshadowing or contradicting the rights under the FDCPA, and thereby also failing to effectively communicate to the Plaintiff the Plaintiff's rights under the FDCPA;

v. the Defendant violated § 1692f of FDCPA by using unfair and/or unconscionable means to collect or attempting to collect the alleged debt from the Plaintiff;

vi. the Defendant violated § 1692f(8) of FDCPA by using language or symbols, including but not limited to, barcodes and/or quick response codes on its envelope when communicating with the Plaintiff and the least sophisticated consumer by use of the mails;

vii. the Defendant violated § 1692g of the FDCPA by overshadowing the

       validation notice by instructional language which is confusing and makes the Plaintiff and the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt - the instruction to call the Hospital directly at (212) 606-1506 to apply for financial assistance in order to resolve the "past due account" and/or to call the Defendant at (800) 745-1395 to "speak to one of our collection specialists" to determine if he qualifies for a "charity care program" is confusing and leaves the Plaintiff and the least sophisticated consumer uncertain as to his or her option to effectively dispute the alleged debt;

  viii.  the Defendant violated the FDCPA by acting in an otherwise deceptive, unfair and/or unconscionable manner and/or failed to comply with the FDCPA.

49. The Defendant has thereby unfairly, unlawfully, intentionally, deceptively, and/or fraudulently violated the FDCPA by using deceptive means to attempt to collect a debt and/or by making deceptive communications to the Plaintiff, directly and/or indirectly, in connection with a consumer debt alleged due.

50. The Defendant has thereby also unfairly, unlawfully, intentionally, deceptively, and/or fraudulently violated the FDCPA by engaging in conduct with the intent to abuse or harass the Plaintiff.

51. The acts and/or omissions of the Defendant were done unfairly, unlawfully, intentionally, deceptively, and/or fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and/or fraudulently coercing the Plaintiff to pay the alleged debt in an unlawful manner.

52. The acts and/or omissions of the Defendant at all times material and relevant hereto, and as described in this Complaint, were done absent bona fide error, lawful right, legal defense, legal justification and/or legal excuse.

53. As a causally-direct and legally proximate result of the above violation(s) of the FDCPA, the Defendant caused the Plaintiff to sustain actual damages as a result of Defendant's unfair, unlawful, intentional, deceptive, and/or fraudulent coercion to pay the alleged consumer debt in an unlawful manner.

54. As a causally-direct and legally proximate result of the above violation(s) of the FDCPA, the Defendant is liable for the Plaintiff's actual damages, statutory damages, punitive damages, costs, and attorney's fees.

55. All conditions precedent to the bringing of this action have been performed, waived or excused.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant as follows:

A. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Efraim Z. Kieffer, Esq. as Class Counsel;

B. Awarding Plaintiff and the Class statutory damages;

C. Awarding Plaintiff and the Class actual damages;

D. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest; and

  F.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: April 11, 2016 | BY: |
| | s/ Efraim Z. Kieffer |
| | _____ |
| | EFRAIM Z. KIEFFER, ESQ. |
| | 131 Pennington Ave |
| | Passaic, NJ 07055 |
| | (973) 594-6118 |
| | Attorney for Plaintiff |

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: April 11, 2016 | BY: |
| | s/ Efraim Z. Kieffer |
| | _____ |
| | EFRAIM Z. KIEFFER, ESQ. |
| | Attorney for Plaintiff |

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Efraim Z. Kieffer, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me currently that the matter in controversy between the parties is not the subject of any other action pending in any court or in any arbitration or administrative proceeding.

| | |
|---|---|
| Dated: April 11, 2016 | BY: |
| | s/ Efraim Z. Kieffer |
| | _____ |
| | EFRAIM Z. KIEFFER, ESQ. |
| | Attorney for Plaintiff |